Wayne B. Mortensen (#18519)
FARNSWORTH MORTENSEN LAW OFFICES
1837 S. Mesa Dr., Ste. A103
Mesa, Arizona 85210
(480) 820-3600
Fax (480) 820-4800
fmcourt@gmail.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceedings Under |
| | Chapter Thirteen |
| ROGELIO A. ESTAVILLO | |
| | |
| | Case No. 4:12-bk-11019 EWH |
| | |
| | Adv. No. 4:13-ap-00184 EWH |
| Debtor. | |
| ROGELIO A. ESTAVILLO | |
| | COMPLAINT TO DETERMINE |
| | SECURED STATUS |
| Plaintiff, | AND AVOID LIEN |
| vs. | ON REAL PROPERTY |
| | |
| CITIMORTGAGE, INC. | |
| | |
| Defendant. | |

COMES NOW, ROGELIO A. ESTAVILLO, Plaintiff Debtor (hereinafter Plaintiff or Debtor) by and through counsel undersigned, who files this complaint to avoid defendant's lien on real property.

The Plaintiff alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§1344 and 157(b)(2). This matter is a core proceeding.

**FACTS**

Debtor filed the chapter thirteen proceeding on May 17, 2012.

The Debtor has proposed a plan of reorganization.

CITIMORTGAGE, INC. is a corporation licensed to do business in Arizona, whose main office is in O'Fallon, MO, that may be served with Summons and Complaint through its Arizona Registered Agent, CT Corporation System, 2390 E. Camelback Rd., Phoenix, AZ 85016.

Debtor is the owner of a piece of real property which the Debtor has claimed as her homestead exemption for the primary residence:

**LOT 41, BLOCK 3, OF YALE ESTATES, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PIMA COUNTY IN BOOK 10 OF MAPS, PAGE 41**

a.k.a.   6313 East Eli Drive, Tucson, Arizona 85710

Debtor valued the primary residence at $57,500.00 on Schedule A of the bankruptcy proceeding.

The holder of the first lien on debtors' residence is Bank of America, N.A. and the amount owed to it is approximately $81,976.69, pursuant to its proof of claim on file in this case and listed in the Court Claims Registry as Claim # 12, the first page of which is attached hereto as Exhibit A. The Note and Deed of Trust upon which Chase is based was entered into in June 2003, and its Deed of Trust was recorded on June 13, 2003 at the Pima County Recorder (docket 12071, page 3685).

The holder of the second lien on debtors' residence is CITIMORTGAGE, INC., and the amount owed to it is approximately $71,032.92 pursuant to its proof of claim, on file in this case and listed in the Court Claims Registry as Claim #3, the first page of which is attached hereto as Exhibit B.  The Note and Deed of Trust upon which CITIMORTGAGE, INC. is based was entered into in December 2007, and its Deed of Trust was recorded on December 20, 2007 at the Pima County Recorder (docket 13206, page 1506).

<u>ISSUES</u>

Can a Chapter 13 Debtor extinguish a purported lien on their residence and obtain a ruling that the lienholder has no "allowed secured claim" under 11 U.S.C. §506(a), despite the antimodification provisions of §1322(b)(2)?

Plaintiffs have had their residence appraised. *The actual value of the Debtor's property is $57,500.00.* A copy of said appraisal is attached hereto as Exhibit C. The value of the Plaintiff's residence is less than the amount owed on the first lien to Bank of America.

Defendant holds a junior lien on the Plaintiffs residence. The value of the Plaintiff's residence after deducting the amount owed on the first lien, does not leave any value to provide Defendant even one dollar's worth of interest in the Property. Based on the definition of "allowed secured claim" derived from 11 U.S.C. §506(a) and (d); and pursuant to the modification provisions allowed under 11 U.S.C. §1322(b)(2), Plaintiffs ask for Judgment extinguishing Defendant's lien on their property.

## **MEMORANDUM OF AUTHORITY**

The Ninth Circuit along with other courts have all adopted the view that the holder of a purported junior lien on a Debtors residence is wholly unsecured and not entitled to the protection of §1322(b)(2), when the value of that residence is less than, or equal to the amount owed on superior liens. In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Lane, 280 F.3d 663, 667-69 (6th Cir. 2002); Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122, 126 (2d Cir. 2001); Tanner v. FirstPlus Fin., Inc. (In re Tanner), 217 F.3d 1357, 1359-60 (11th Cir. 2000); In re McDonald 205 F.3d 606 (3rd Cir. 2000).

**WHEREFORE**, the Plaintiffs respectfully request the Court to:

a. Determine that the Defendant has no secured interest for the loan on the second deed of trust on the residential property;

b. Order the Defendant to release the second mortgage lien on the residential real property of the debtors pursuant of 11 U.S.C. §506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the Debtors within 30 days from the date of the entry of said order at no charge or fee for the aforesaid cancellation and delivery;

c. Direct the Trustee that any timely filed proof of claim filed by the Defendant for the second mortgage lien be treated as an unsecured claim under the plan;

d. That each party bear their own costs in relation to this action;

e. For such other and further relief as this Court deems just and proper.

DATED this ____14th____ day of _____February_____, 2013.

FARNSWORTH MORTENSEN LAW OFFICES

 /s/Wayne B. Mortensen   (#18519)_____
Wayne B. Mortensen
Attorney for Debtor